### 22132.  CRAIG *v.* THE STATE.

LUKE, J.  1. The defendant was convicted of assisting a prisoner to escape from the custody of an officer, and assigns error on the overruling of his motion for a new trial.  There was ample evidence to authorize the finding that the prisoner was in the lawful custody of the officer, and that the defendant assisted the prisoner to escape from such custody; and the general grounds of the motion for a new trial show no cause for a reversal of the judgment.

2. The only special ground of the motion for a new trial is based on alleged newly discovered evidence that there was no charge pending against the prisoner to authorize the issuance of the warrant under which he was in the custody of the officer at the time the defendant assisted him to escape.  The record shows that the court had a legal right to issue the warrant and cause the prisoner's arrest for the purpose of serving unserved sentences legally imposed.  Moreover, the counter-showing of the State shows lack of diligence of the movant in ascertaining before trial the alleged newly discovered evidence.  Counsel for plaintiff in error insist in their brief that this court should consider the alleged newly discovered evidence, but should not consider the counter-showing thereon.  Plaintiff in error in the bill of exceptions, specified this counter-showing as material to a clear understanding of the errors complained of; it is embodied in the record before us; attached thereto is a notation from the trial judge that it was "used in hearing of motion for new trial;" and it is included in the "foregoing pages" which the clerk of the trial court certified as "a true transcript" of the record.  So far as the record shows, there was no objection made to the consideration of this counter-showing on the hearing of the motion before the trial judge; no error is assigned because of such consideration; and no question is presented for decision by this court as to the consideration of this evidence.  *DuPre* v. *State,* 153 *Ga.* 798, 808 (113 S. E. 428).

*Judgment affirmed.  Broyles, C. J., and Jenkins, P. J., concur.*